KATHRYN E. LANDRETH
United States Attorney
MARGARET M. STANISH
Assistant United States Attorney
333 Las Vegas Boulevard South
Fifth Floor
Las Vegas, Nevada 89101
(702) 388-6336

**00CR0943**

FILED
OCT 16 2000
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FILED
NOV 20 2000
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

CR-S-00-0359-PMP-RJJ

UNITED STATES OF AMERICA,

Plaintiff,

MAGISTRATE JUDGE DENLOW

vs

TIMOTHY POOL,

Defendant.

) VIOLATION: Title 18, United
) States Code, Section 656 - Theft,
) Embezzlement or Misapplication
) by Bank Employee

DOCKETED
NOV 22 2000

## INFORMATION

The United States Attorney charges that:

On August 6, 1997, and September 11, 1997, in the State and Federal District of Nevada,

**TIMOTHY POOL,**

defendant herein, being an employee of Wells Fargo Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, with intent to injure and defraud, did embezzle, abstract, purloin, and willfully misapply one thousand dollars ($1,000.00) of money, funds, and credit to which she had access by virtue of her position as an employee; all in violation of Title 18, United States Code, Section 656.

**DATED** this 13th day of October, 2000.

KATHRYN E. LANDRETH
United States Attorney

/s/ Margaret M. Stanish
MARGARET M. STANISH
Assistant United States Attorney

I hereby attest and certify on 11-16-00
that the foregoing document is a full, true and correct
copy of the original on file in my office, and in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By _____ Deputy

Rev. 6/78

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION – IN U.S. DISTRICT COURT

.Y. INFORMATION

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
NEVADA – LAS VEGAS

## OFFENSE CHARGED

18/656 – Theft, Embezzlement or Misapplication by Bank Employee (1 Count)

Petty
Minor
X Misdemeanor
Felony

DEFENDANT – U.S. vs

TIMOTHY POOL

**FILED**

NOV 2 0 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

Address

Birth Date
(Optional unless a juvenile)

Alien
Female (if applicable)

Place of offense: NEVADA

U.S.C. Citation: SEE ABOVE

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI, SA Herb Laskow

person is awaiting trial in another Federal or State Court, give name of court

this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

this is a reprosecution of charges previously dismissed which were dismissed on motion of:

SHOW DOCKET NO.

this prosecution relates to a pending case involving this same defendant

prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

SHERRY ENGELHARDT
Paralegal, US Attorneys Office

Name of Asst. U.S. Att'y (if assigned)

MARGARET STANISH
Assistant United States Attorney

## DEFENDANT

**IS NOT IN CUSTODY**

X Has not been arrested, pending outcome this proceeding
If not detained give date any prior summons was served on above charges

Is a Fugitive

Is on Bail or Release from (show District)

**IS IN CUSTODY**

On this charge
On another conviction
Awaiting trial on other charges

Fed'l    State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  Yes / No
If "Yes" give date filed   Mo. Day Year

DATE OF ARREST

Or... if Arresting Agency & Warrant were not Federal
Mo. Day Year

DATE TRANSFERRED TO U.S. CUSTODY

MAGISTRATE JUDGE DENLOW

This report amends AO 257 previously submitted.

**00CR0943**

ADDITIONAL INFORMATION OR COMMENTS

CR-S-00-0359-PMP-RJJ

I hereby attest and certify on 11-16-00 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy

**FILED**
OCT 16 2000
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

AO 455 (Rev.5/85)   Waiver of Indictment

# United States District Court

### DISTRICT OF NEVADA

FILED OCT 16 2000
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

TIMOTHY POOL

**WAIVER OF INDICTMENT**

CR-S-00-0359-PMP-RJJ

I, <u>TIMOTHY POOL</u> the above named defendant, who is accused of Structuring of Financial Transactions to Evade Currency reporting Requirements, being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on _____ prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

_____
TIMOTHY POOL
Defendant

_____
PAUL M. BRAYMAN, Esq.
Counsel for Defendant

Before _____
          Judicial Officer

MAGISTRATE JUDGE DENLOW

**00CR0943**
**FILED**
NOV 20 2000
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

I hereby attest and certify on 11-16-00 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By _____ Deputy

AO 86A (Rev. 4/91) Consent to Proceed - Misdemeanor

# United States District Court

_____ DISTRICT OF _____

UNITED STATES OF AMERICA
V.
TIMOTHY POOL

FILED OCT 1 6 2000
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____

CONSENT TO PROCEED BEFORE
UNITED STATES MAGISTRATE JUDGE
IN A MISDEMEANOR CASE

CASE NO. CR-S-00-0359-PMP-RJJ

The United States magistrate judge has explained to me the nature of the offense(s) with which I am charged and the maximum possible penalties which might be imposed if I am found guilty. The magistrate judge has informed me of my right to the assistance of legal counsel. The magistrate judge has informed me of my right to trial, judgment, and sentencing before a United States district judge or a United States magistrate judge.

**I HEREBY: Waive (give up) my right to trial, judgment, and sentencing before a United States district judge, and consent to trial, judgment and sentencing before a United States magistrate judge.**

X _____, Defendant

MAGISTRATE JUDGE DENLOW

FILED NOV 2 0 2000 00CR0943
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## WAIVER OF RIGHT TO TRIAL BY JURY

The magistrate judge has advised me of my right to trial by jury.

**I HEREBY: Waive (give up) my right to trial by jury.** _____ Defendant

Consented to by United States _____ Signature

_____ Name and Title

## WAIVER OF RIGHT TO HAVE THIRTY DAYS TO PREPARE FOR TRIAL

The magistrate judge has also advised me of my right to have at least thirty days to prepare for trial before the magistrate judge.

**I HEREBY: Waive (give up) my right to have at least thirty days to prepare for trial.**

X _____ Defendant

I hereby attest and certify on 11-16-00 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

_____ Defendant's Attorney (If any)

Approved By: _____ U.S. Magistrate Judge
DISTRICT OF NEVADA
By _____ Deputy
Date

KATHRYN E. LANDRETH
United States Attorney
MARGARET M. STANISH
Assistant United States Attorney
White Collar and Economic Crimes Section
701 East Bridger Avenue, Eighth Floor
Las Vegas, Nevada 89101
(702) 388-6336



FILED
OCT 16 2000
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CR-S-00-0359-PMP-RJJ

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TIMOTHY POOL,

Defendant.

) PLEA MEMORANDUM
)
) MAGISTRATE JUDGE DENLOW

FILED
NOV 20 2000
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

00CR0943

In compliance with Rule 11(e)(2) of the Federal Rules of Criminal Procedure, the United States of America wishes to acknowledge the following agreement between the United States of America, by and through Kathryn E. Landreth, United States Attorney, and Margaret M. Stanish, Assistant United States Attorney, the defendant **TIMOTHY POOL** and the defendant's attorney, Paul Brayman, Esq.

## I.

## PLEA NEGOTIATION

Defendant **TIMOTHY POOL** will plead guilty by way of an information to Theft, Embezzlement, or Misapplication by Bank Employee, in violation of Title 18, United States Code, Section 656.

Defendant **POOL**'s plea is made pursuant to the Federal Rules of Criminal Procedure 11(e)(1)(B) and the terms of the Plea Memorandum as set forth below. The said Plea Memorandum is not intended to be binding upon the Court.

1. The parties agree that pursuant to Title 18, United States Code, Section 3559, the instant offense is a Class A Misdemeanor because it carries a maximum penalty of one year or less, but more than six months. As a Class A Misdemeanor, the instant crime falls within the purview of the United States Sentencing Commission Guidelines Manual (Nov. 1995) (hereinafter referred to as U.S.S.G.), pursuant to Section 1B1.9 of said Guidelines.

Guideline Calculation

2. The parties agree that pursuant to U.S.S.G. Section 2B1.1(a), the Base Offense Level for this crime is four (4).

3. The parties agree that pursuant to U.S.S.G. Section 2B1.1(b)(1)(D), the Offense Level is increased by three (3) levels because the loss is more than two thousand dollars but not more than five thousand dollars.

4. The parties agree that pursuant to U.S.S.G. Section 2B1.1(b)(4)(A), the Offense Level is increased by two (2) levels because the offense involved more than minimal planning.

Sentencing Considerations

5. Defendant **TIMOTHY POOL** is aware that his sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statement. The defendant, **TIMOTHY POOL**, is also aware that his sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence with the statutory maximum set for his offense, including the sentence determined by reference to the Guidelines.

6. The parties agree that the Offense Level and specific offense characteristics, and possible Criminal History Category as determined pursuant to chapter four of U.S.S.G., are based upon information concerning this offense and this defendant as now known, and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the total base offense level and . . .

criminal history category. However, in that event the defendant would have no right to withdraw his plea of guilty.

7. Upon entry of the plea of guilty and acceptance of responsibility as determined by the United States Probation Office, the Government agrees to affirmatively request that the Offense Level be reduced by two (2) levels pursuant to U.S.S.G. Section 3E1.1(a).

8. Assuming that the defendant's Criminal History Category is I and his Offense Level is seven (7), the guideline range would be zero (0) to six (6) months. The government will recommend the low end of the guideline range.

9. The parties agree that no additional promises, agreements, and conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

Restitution and Assessment

10. The defendant will pay full restitution in the amount of $5,000.00 to Wells Fargo Bank.

11. The parties recognize that to facilitate negotiations the information reflects loss amount of only $1,000.00. However, pursuant to U.S.S.G. Section 1B1.3, pertaining to relevant conduct, the parties agree that the total loss is five thousand dollars ($5,000.00).

12. The defendant agrees to pay a mandatory special assessment fee of twenty-five dollars ($25.00) which is due and payable immediately at the time of sentencing, pursuant to Title 18 United States Code, Section 3013 and U.S.S.G. Section 5E1.3.

Waiver of Appeal

13. In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives his right to appeal any sentence to be imposed that is within the Sentencing Guideline range, further waives his right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waive his right to appeal any other aspect of his conviction or sentence.

3

defendant reserves the right to appeal any sentence imposed to the extent, but only to the extent, that the sentence is an upward departure and outside the range established by the applicable Sentencing Guideline range.

Collateral Effect of Plea

14. The defendant acknowledges that he is aware that Title 12, United States Code, Section 1829, generally prohibits any person who has been convicted of any criminal offense involving dishonesty or breach of trust, such as the defendant, from affiliation, ownership, control, participation, in any manner, in connection with the affairs of an insured depository institution (i.e., a federally insured bank or savings and loan institution).

II.

PENALTY

Title 18, United States Code, Section 656 and 3581(b)(6) authorize a term of imprisonment of not more than one year. Title 18, United States Code, Section 3571(b)(5) provides for a fine of not more than one hundred thousand dollars ($100,000.00).

In addition to the fine mentioned above, U.S.S.G. Section 5E1.1(I) requires that the court impose an additional fine amount that is at least sufficient to pay costs to the government of any imprisonment, probation or supervised release for a period, however, Section 5E1.2(f) allows the court to waive any fine or impose an alternative sanction, such as community service, if a defendant establishes he or she does not have the ability to pay the fine.

Title 18, United States Code, Section 3663 and U.S.S.G., Section 5E1.1 permit restitution as deemed appropriate by the Court.

III.

ELEMENTS OF THE OFFENSE

In order for the defendant to be found guilty of the charge of embezzlement by a bank employee, the Government must prove each of the following elements beyond a reasonable doubt:

First: The defendant was an employee of Wells Fargo Bank.

4

<u>Second</u>: The defendant, embezzled, abstract, purloined and willfully misapplied bank monies, funds and credits to which he had access or control while an employee of Wells Fargo Bank, and,

<u>Third</u>: The defendant acted with intent to injure or defraud the bank.

<u>Fourth</u>: The deposits of Wells Fargo Bank were insured by the Federal Deposit Insurance Corporation.

## IV.

## FACTS TO SUPPORT A PLEA OF GUILTY

The defendant is pleading guilty because he is in fact guilty of the offense charged in the information. In pleading guilty to the information, the defendant acknowledges that if he elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant specifically admits the following facts, and declares under penalty of perjury that these facts are true and accurate:

1. The defendant was employed as a teller at a branch of the Wells Fargo Bank located in Las Vegas, Nevada. At all relevant times, the Federal Deposit Insurance Corporation insured the deposits of Wells Fargo Bank.

2. On August 6, 1997, the defendant was working as a merchant teller at a branch of the Wells Fargo Bank. The defendant made an unauthorized withdrawal of $1,000.00 from Betty Mangan's account by processing a forged withdrawal slip.

3. On September 11, 1997, the defendant was working as a merchant teller at a branch of the Wells Fargo Bank. The defendant processed a $4,000.00 withdrawal from Marsha Brook's account without her authorization.

4. At all relevant times, the defendant knew that the custody and control of the money belonged to the Wells Fargo Bank and he intended to deprive the bank of its money and use it for his own purposes.

. . .

5

## V.

## ACKNOWLEDGMENT

The undersigned defendant, **TIMOTHY POOL**, acknowledges by his signature below that he has read this Memorandum of Plea Agreement, that he understands the terms and conditions, and the factual basis, set forth herein, that he has discussed these matters with his attorney, and that the matters set forth in this Memorandum, including those facts which support a plea of Guilty, are true and correct.

The undersigned defendant acknowledges that he has been advised, and understands, that by entering a plea of Guilty he is waiving, that is, giving up, certain rights guaranteed to his by law and by the Constitution of the United States. Specifically, he is giving up:

The right to proceed to trial by jury on the original charges, or to a trial by a judge if he and the United States both agree;

The right to confront the witnesses against him at such a trial, and to cross-examine them;

The right to remain silent at such trial, with such silence not to be used against him in any way;

The right, should he so choose, to testify in his own behalf at such a trial;

The right to compel witnesses to appear at such a trial, and to testify in his behalf; and,

The right to have the assistance of an attorney at all stages of such proceedings.

The undersigned defendant, his attorney, and the attorney for the United States acknowledge that this Memorandum of Plea Agreement is the entire agreement negotiated by and

. . .

. . .

. . .

. . .

. . .

agreed to by and between the parties, and that no other promise has been made or implied by either the defendant, his attorney, or the attorney for the United States.

KATHRYN E. LANDRETH
United States Attorney

Feb 18, 2000
DATED

*Margaret M. Stanish* (signature)
MARGARET M. STANISH
Assistant United States Attorney

Feb. 1, 2000
DATED

*Tim Pool* (signature)
TIMOTHY POOL, Defendant

Feb. 1, 2000
DATED

*Paul Brayman* (signature)
PAUL BRAYMAN, Esq.
Counsel for defendant POOL

I hereby attest and certify on 11-16-00 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy

7

| CR-S-00-00359-01-PMP (RJJ) | POOL, TIMOTHY | Page 1 |

| DATE FILED: 10/16/00 | DISTRICT: 0978 | | | COUNTY: 3200 |
| DATE CLSD.: / / | TYPE: 3 | WRIT: N | JUV: N | ALIAS.: N |

| I. CHARGE CNTS | | CNT # | # O |
|---|---|---|---|
| 18/656 | THEFT, EMBEZZLEMENT OR MISAPPLICATION BY BANK EMPLOYEE | 1 | 1 |

| II. UPPER | | ATTORNEY |
|---|---|---|
| U.S.A. | Plaintiff | Margaret Stanish  AUS |

| III. LOWER | | ATTORNEY |
|---|---|---|
| POOL, TIMOTHY | Defendant | |

**OPEN**

Proc date: 10-16-00
Proc code: 2
1st app dt: _____
1st app code: _____
Cnsl code: _____

**CLOSE**

Dispo Judge: 7810
Dispo date: 10-16-00
Sent date: _____

Cnsl code: _____

Rule 20 to district of N. Illinois

CT:___ D:___ Pri:___ Prob:___ SR:___ Fine:___
CT:___ D:___ Pri:___ Prob:___ SR:___ Fine:___
CT:___ D:___ Pri:___ Prob:___ SR:___ Fine:___

CR-S-00-0359-PMP(R

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET** — U.S. vs TIMOTHY POOL

AO 256A

Page 2

| DATE | (Document No.) | PROCEEDINGS (continued) |
|------|----------------|-------------------------|
| 10/16/00 | 1 | INFORMATION o/d 9/11/97  lgm |
| -- | 2 | AO-257 re: D/Pool  lgm |
| -- | 3 | WAIVER OF INDICTMENT re: D/Pool  lgm |
| -- | 4 | CONSENT TO PROCEED bfr mag re: D/Pool  lgm |
| -- | 5 | PLEA MEMORANDUM re: D/Pool  lgm |
| -- | 6 | CONSENT TO TRANSFER OF CASE re: D/Pool to N. Dist of Illinois  lgm |
| 11/13/00 | 7 | LETTER re: D/Pool to dist of N. Illinois w/cc's of fle cps dist  lgm |

V. EXCLUDABLE DELAY (a) (b) (c) (d)

MAGISTRATE JUDGE DENLOW

FILED

MICHAEL W. DOBBINS
UNITED STATES DIS...

00CR0943

I hereby attest and certify on 11-16-00 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ Deputy